## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)  EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. |
| (1)BURLINGTON NORTHERN & SANTA-FE RAILWAY, | ) ) ) ) | |
| Defendant. | ) ) | JURY TRIAL DEMANDED |
| _____ | ) | |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967, as amended, to correct unlawful employment practices on the basis of age and to provide appropriate relief to Jimmy Rider and a class of individuals who were refused employment because of age, over the age of 40.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217 .

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Oklahoma.

**PARTIES**

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.    At all relevant times, Defendant, Burlington Northern and Santa Fe Railway Company ("BNSF"), a Texas corporation, has continuously been doing business in the State of Oklahoma and has continuously had at least 20 employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

**CONCILIATION**

6.    Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

**STATEMENT OF CLAIMS**

7.    More than thirty days prior to the institution of this lawsuit, Jimmy Rider filed a charge with the Commission alleging violations of the ADEA by Defendant.  All conditions

2

precedent to the institution of this lawsuit have been fulfilled.

8.      Since October of 2005, the Defendant engaged in unlawful employment practices in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a)(1), by refusing to hire Charging Party Jimmy Rider and a class of aggrieved individuals into the position of Maintenance of Way because of their age, over 40. Charging Party Jimmy Rider was age 55 when he applied for employment and the aggrieved individuals were all over the age of 40. Jimmy Rider and the aggrieved individuals were qualified for the job, however nine younger, less experienced individuals were offered employment. Charging Party Jimmy Rider and the class of aggrieved individuals were not offered employment.

9.      The effect of the practices complained of in paragraph 8 above has been to deprive Charging Party Jimmy Rider and the aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees because of age.

10.     The unlawful employment practices complained of in paragraph 8 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from refusing to hire applicants because of age, and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B.      Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which

3

eradicate the effects of its past and present unlawful employment practices.

C.      Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Jimmy Rider and the class of aggrieved individuals whose wages are being unlawfully withheld as a result of the acts complained of above.

D.      Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful-place hiring of Charging Party Jimmy Rider and the aggrieved individuals or front pay in lieu of hiring.

E.      Grant such further relief as the Court deems necessary and proper in the public interest.

F.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**FOR PLAINTIFF U.S. E.E.O.C.:**

JEAN P. KAMP
Acting Regional Attorney
St. Louis District Office

BARBARA A. SEELY
Supervisory Trial Attorney
St. Louis District Office

s/Michelle M. Robertson
MICHELLE M. ROBERTSON, OBA #14084
Sr. Trial Attorney
**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
Area Office for the State of Oklahoma
215 Dean A. McGee Avenue, Suite 524
Oklahoma City, Oklahoma 73102
Tel No.  405-231-4363
Fax No. 405-231-5816