IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) BURLINGTON NORTHERN & SANTA FE ) RAILWAY COMPANY, ) ) Defendant. ) | Case No. CIV-07-734-D |

## **O R D E R**

Before the Court are Defendant's Motion to Compel Deposition Testimony [Doc. No. 66] and Plaintiff's Motion for Order to Show Cause Why Defendant Should Not Be Held in Contempt [Doc. No. 68]. Both Motions concern the deposition of Plaintiff's designated representative, Kathy Nusz. *See* Fed. R. Civ. P. 30(b)(6). Defendant moves pursuant to Fed. R. Civ. P. 37(a)(3)(B)(i) for further testimony from Ms. Nusz regarding certain questions, which are listed in Defendant's brief at pages 28-30 and in Plaintiff's response brief at pages 3-5.[1] For ease of reference, the Court will refer to the questions by Defendant's assigned numbers. Plaintiff moves for sanctions against Defendant for its attorney's conduct in allegedly questioning Ms. Nusz about matters outside the scope of the Rule 30(b)(6) notice and the Court's ruling on Plaintiff's prior motion for a protective order regarding the deposition. *See* Order 6/23/09 [Doc. No. 29]. Upon careful consideration of the parties' submissions and the case record, the Court rules on the issues as follows.

---

[1] Defendant lists eighteen questions, but Ms. Nusz subsequently answered two of them (Nos. 10 and 11), as well other questions not listed by Defendant.

**Deliberative Process Privilege**

The Court finds that Plaintiff's claim of privilege with respect to five questions (Nos. 8, 13, 14, 17 and 18) is well taken and should be sustained.  Specifically, the Court finds that Plaintiff has properly asserted its claim through the Declaration of EEOC Chair Naomi Earp, *see* Pl.'s Resp. [Doc. No. 67], Ex. 4; that these five questions seek information protected by the deliberative process privilege as defined by the Tenth Circuit, *see Trentadue v. Integrity Committee*, 501 F.3d 1215, 1226-27 (10th Cir. 2007); and that Defendant has failed to show that its need for the information outweighs the government's interest in shielding the deliberative process and maintaining the quality of agency decisions. *See Redland Soccer Club, Inc. v. Department of Army*, 55 F.3d 827, 854 (3rd Cir. 1995); *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993) *see also NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150-51 (1975) (discussing policies behind the privilege).  In reaching this last conclusion, the Court has considered the factors identified by federal appellate courts as appropriate for consideration in the weighing process.  *See Redland Soccer Club*, 55 F.3d at 854; *see also First Eastern Corp. v. Mainwaring*, 21 F.3d 465, 468 n.5 (D.C. Cir. 1994).

**Scope of the Notice or Order**

The Court finds that, with one exception, Plaintiff's objections based on the scope of the Court's Order and Defendant's Rule 30(b)(6) notice are not well founded and should be overruled. Plaintiff's objection is well taken and is sustained only as to question No. 15.  Plaintiff shall answer Defendant's remaining questions (Nos. 1-7, 9, 12 and 16).  This ruling as to any individual, tendered question should not necessarily be interpreted as a license to inquire further beyond the specific question presented.  Finally, on the existing record, the Court finds no basis for contempt.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel Deposition Testimony [Doc. No. 66] is GRANTED in part and DENIED in part, as set forth above. The Court directs Plaintiff to answer question Nos. 1-7, 9, 12 and 16.

IT IS FURTHER ORDERED that Plaintiff's Motion for Order to Show Cause [Doc. No. 68] is DENIED. Each party shall bear its own costs with respect to the Motions.

IT IS SO ORDERED this 30th day of January, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE